UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL EUGENE GRIMAGE,

                 Plaintiff,

v.                                 Case No. 3:23-cv-1032-MMH-SJH

A. M. GWARA,

                 Defendant.

_____

## **ORDER**

### **I.  Status**

Plaintiff Michael Eugene Grimage, an inmate of the Florida penal system, initiated this action on August 25, 2023, by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1).[1] In the Complaint, he names Sergeant A.M. Gwara as the sole Defendant. See Complaint at 2. Grimage alleges Sergeant Gwara used excessive force when he sprayed Grimage with chemical agents. See id. at 3–5.

This matter is before the Court on Sergeant Gwara's Motion for Summary Judgment with Incorporated Memorandum of Law (Motion; Doc.

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

43). In support of the Motion, Sergeant Gwara has submitted exhibits. <u>See</u> Docs. 43-1 through 43-3. Grimage filed a response in opposition to the Motion. <u>See</u> Plaintiff's Response to Defendant's Motion for Summary Judgment (Response; Doc. 47). Sergeant Gwara filed a Reply. <u>See</u> Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Reply; Doc. 48). The Motion is ripe for review.

## II.    Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).[2] An

---

[2] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that

---

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable.

In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Haves v. City of Miami</u>, 52 F.3d 918, 921 (11th Cir. 1995) (citing <u>Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro</u>, 38 F.3d 1571, 1578 (11th Cir. 1994)). "Summary judgment is improper, however, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Guevara v. NCL (Bahamas) Ltd.</u>, 920 F.3d 710, 720 (11th Cir. 2019) (quotation marks and citation omitted).

### III.    Grimage's Allegations in the Complaint

Grimage alleges that on May 23, 2023, he requested to speak to Sergeant Gwara's supervisor to provide evidence that Sergeant Gwara contaminated Grimage's food tray. Complaint at 5. Grimage states that Sergeant Gwara got angry, called Grimage to the cell door, and told him to look in the other direction. <u>Id.</u> at 4. "[W]hen [Grimage] return[ed] to face [Sergeant Gwara], [he] had [a] canister aimed directly at [Grimage's] face." <u>Id.</u> According to Grimage, Sergeant Gwara sprayed him with chemical agents "directly into [his] mouth

4

and nostrils, inches away," which caused Grimage to gasp for air and "black out." <u>Id.</u> at 4, 5. As a result of this incident, Grimage asserts he has swelling in his neck, difficulty breathing, and persistent coughing. <u>Id.</u> at 5.

## IV.    Summary of the Arguments

In his Motion, Sergeant Gwara contends the Court should grant him summary judgment because he is entitled to qualified immunity and because Grimage failed to state a claim for relief under the Eighth Amendment. <u>See</u> Motion at 5–11. In support, Sergeant Gwara relies on his responses to interrogatories and video recordings from the prison on the date of the incident. <u>See</u> Docs. 43-1; 43-2; 43-3. Through his response to interrogatories, Sergeant Gwara states that on May 23, 2023:

> [Grimage] had a bag of pills that he began to pull several pills from and was in the process of swallowing them. [Grimage] had already declared a psychological emergency and I was waiting at the front of his cell for the mental health professional to arrive. I ordered [Grimage] to cease taking the pills and when [Grimage] refused and continued his actions, I utilized chemical agents to stop [Grimage]'s self-injuring behavior. Chapter 33-602.210(2)(a), [Florida Administrative Code], authorized the use of force regarding saving the life on an inmate.

Doc. 43-2 at 2.

In his Response, Grimage asserts Sergeant Gwara has not included any argument "to disprove 'the genuine issues of material facts'" presented by Grimage's allegations. Response at 1–2. Grimage provides no exhibits with his

Response and provides no citations to the record.[3] <u>See generally</u> Response. In his Reply, Sergeant Gwara notes that Grimage failed to provide or cite to any records contemplated for consideration under Rule 56 and argues that the Court should thus consider the facts presented in the Motion as undisputed for purposes of summary judgment pursuant to Rule 56(e)(2). Reply at 1–2.

## V. Applicable Law

The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification." <u>Ort v. White</u>, 813 F.2d 318, 321 (11th Cir. 1987). However, it is well understood that prison guards, who are charged with maintaining order and security, may use force when necessary to bring unruly inmates into compliance. <u>Whitley v. Albers</u>, 475 U.S. 312, 320–21 (1986); <u>Williams v. Burton</u>, 943 F.2d 1572, 1575 (11th Cir. 1991).

In <u>Sconiers v. Lockhart</u>, 946 F.3d 1256, 1265 (11th Cir. 2020), the Eleventh Circuit reviewed "the principles applicable to Eighth Amendment excessive-force" claims. In doing so, the Court instructed:

> The Eighth Amendment, among other things, prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. As the Supreme Court has

---

[3] The Court previously advised Grimage that if in responding to a motion for summary judgment he "relies solely on allegations in an unverified complaint or submits a response that fails to provide evidence or point to allegations in a verified complaint to contradict the materials asserted by Defendant, the Court may accept Defendant's facts as true, which may result in final judgment in favor of Defendant." <u>See</u> Order; Doc. 5 at 4.

explained, "the unnecessary and wanton infliction of pain" qualifies under the Eighth Amendment as proscribed "cruel and unusual punishment." Hudson v. McMillian, 503 U.S. 1, 5 (1992). Nevertheless, the Supreme Court has instructed that what rises to the level of an "unnecessary and wanton infliction of pain" differs based on the type of Eighth Amendment violation alleged. Id.

. . . "[T]he core judicial inquiry" requires [the Court] to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 37.[4] This standard requires a prisoner to establish two elements – one subjective and one objective: the official must have both "acted with a sufficiently culpable state of mind" (the subjective element), and the conduct must have been "objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8.

With respect to the subjective element, "to have a valid claim on the merits of excessive force in violation of [the Eighth Amendment], the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002); see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

As for the objective component of an excessive-force violation, it focuses on whether the official's actions were "harmful enough," Hudson, 503 U.S. at 8, or "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991), to violate the Constitution. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

---

[4] Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam).

> constitutional recognition <u>de minimis</u> uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." <u>Id.</u> at 37–38, 130 S. Ct. 1175. Instead, the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether "significant injury is evident," though the extent of injury may shed light on the amount of force applied or "whether the use of force could plausibly have been thought necessary." <u>Wilkins</u>, 559 U.S. at 37.

<u>Id.</u> at 1265–66 (internal citations cleaned up).

Notably, officers may use chemical agents so long as a valid penological reason supports its use and it is not used in "quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." <u>Thomas</u>, 614 F.3d at 1310–11 ("[I]t is well-established that the use of chemical agents on recalcitrant prisoners is not per se unconstitutional." (quoting in part <u>Soto v. Dickey</u>, 744 F.2d 1260, 1270 (7th Cir. 1984))); <u>see also</u> <u>Sconiers</u>, 946 F.3d at 1264 (acknowledging "pepper-spray" may be used to subdue an inmate when penologically necessary); <u>Danley v. Allen</u>, 540 F.3d 1298, 1307 (11th Cir. 2008), <u>overruled on other grounds as recognized in</u> <u>Randall v. Scott</u>, 610 F.3d 701, 709–10 (11th Cir. 2010) ("Pepper spray is an accepted non-lethal means of controlling unruly inmates").

Regardless of the type of force involved, courts consider five distinct factors when determining whether an officer applied force maliciously and sadistically for the purpose of causing harm:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley, 475 U.S. at 321; Hudson, 503 U.S. at 7). Notably, a lack of serious injury, while not dispositive, is relevant to the inquiry:

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.[5] (quoting Whitley, supra, at 321, 106 S.Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. . . . An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[6]
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

---

[5] Hudson, 503 U.S. at 7.

[6] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

Wilkins, 559 U.S. at 37–38. Nevertheless, a prisoner's injuries or lack thereof may be "evidence of the kind or degree of force that was used by [an] officer." Charles v. Johnson, 18 F.4th 686, 700 (11th Cir. 2021) (citing Crocker v. Beatty, 995 F.3d 1232, 1251 (11th Cir. 2021)).

In considering the Whitley factors, courts must "give a 'wide range of deference to prison officials acting to preserve discipline and security,' including when considering '[d]ecisions made at the scene of a disturbance.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)). Moreover, corrections officials are not required to "convince every inmate that their orders are reasonable and well-thought out," and "[c]ertainly . . . not required to do so where an inmate repeatedly fails to follow those orders." Danley, 540 F.3d at 1307. As such, "courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives." Whitley, 475 U.S. at 322. A case should not go to the jury "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." Id.

## VI.    Analysis

Here, Sergeant Gwara by reference to his sworn interrogatory response and the exhibits submitted in support of his Motion, has met his burden of

showing there are no genuine issues of material fact to be determined at trial. Florida Administrative Code Rule 33-602.210(2)(a)(7) authorizes department staff to utilize force to "prevent an inmate from inflicting any self-injury or from attempting suicide." Sergeant Gwara's unrefuted account demonstrates he used a de minimus use of force (one spray of chemical agents) to respond to an emergent situation of self-harm (Grimage taking pills after declaring a psychological emergency) after Grimage failed to comply with Sergeant Gwara's orders (to stop ingesting the pills). See Doc. 43-2 at 1–2; see also Bennett, 898 F.2d at 1533 ("Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding."); Moore v. Hunter, 847 F. App'x 694, 698 (11th Cir. 2021) ("It is not 'repugnant to the conscience of mankind' that an officer . . . might use chemical spray on an inmate to prevent his attempted suicide, even if a more restrained response might have been preferable."). Thus, the Whitley factors considering the need for force, the relationship between the need and amount of force used, as well as the extent of the threat to an inmate all weigh in favor of Sergeant Gwara. Additionally, the handheld camera video recording, Doc. 43-3, shows officers taking Grimage for a decontamination shower quickly following the use of chemical agents which demonstrates an effort made to temper the severity of the response. Lastly, there is no evidence of injury before the Court. Indeed, during the handheld video recording, which

is over fourteen minutes in length, Grimage displays no physical distress or difficulty breathing. See id. Thus, applying the Whitley factors to the evidence presented, no reasonable jury would be able to find the use of excessive force and return a verdict in favor of Grimage.

On this record, Sergeant Gwara discharged his burden, and Grimage is required to present evidence to show that there is a genuine issue for trial. In asserting there is a genuine issue, he must "support the assertions by: citing to particular materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A). Grimage has not done so. Grimage did not submit any evidence or other documents, nor did he file an affidavit or statement under the penalty of perjury to contradict Sergeant Gwara's version of events. See Walker v. Darby, 911 F.2d 1573, 1576 (11th Cir. 1990) ("A party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings."). While a court may consider a plaintiff's verified complaint on summary judgment, Grimage's Complaint is not verified or sworn to under the

penalty of perjury.[7] Considering the record, the Court finds Sergeant Gwara is entitled to the entry of summary judgment in his favor on Grimage's claim that Sergeant Gwara's use of chemical agents constituted the use of excessive force in violation of the Eighth Amendment.[8]

Accordingly, it is

**ORDERED:**

1.     Sergeant Gwara's Motion for Summary Judgment (Doc. 43) is **GRANTED**.

2.     The Clerk is directed to enter judgment in favor of Sergeant Gwara and against Grimage, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of August, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[7] The Complaint form includes a certification under Federal Rule of Civil Procedure 11, see Doc. 1 at 15, but it is not verified or sworn to under penalty of perjury. See Jaye v. United States, No. 2:22-cv-376-WKW, 2022 WL 2317226, at *1 n.1 (M.D. Ala. June 28, 2022) ("Rule 11 certification is not a substitute for an affidavit or for a declaration under penalty of perjury under 28 U.S.C. § 1746."); see also Renfroe v. Nationstar Mortg., LLC, No. 3:20-cv-191-J-34JBT, 2020 WL 1046825, at *2 (M.D. Fla. Mar. 4, 2020).

[8] Because the Court finds Sergeant Gwara is entitled to summary judgment on this basis, the Court need not consider the issue of qualified immunity.

JaxP-12
C:    Michael Eugene Grimage, 415545
        Counsel of Record